In this suit plaintiff and his wife seek damages against J.N. Harvey, an employee of the Louisiana Tractor and Machinery Company, a commercial partnership domiciled in the Parish of East Baton Rouge and composed of Matthew J. Carbonne and George E. McNutt, and against the said partnership and its insurer, the American Employers' Insurance Company, in solido, for injuries sustained by Mrs. Maas, and for medical expenses incurred thereby resulting from a collision with an automobile owned by the Louisiana Tractor Machinery Company and driven by defendant Harvey.
Plaintiffs allege that they were driving on the right-hand side of North Boulevard, in an easterly direction in the City of Baton Rouge, when defendant Harvey, who was travelling in the same direction, attempted to pass them; that, in so attempting, Harvey struck the rear left bumper and fender of their car, which caused a certain jolting blow to their car and resulted in the injuries to Mrs. Maas, which form the basis *West Page 22 
of this suit. Plaintiffs allege that the accident was due solely to the negligence of defendant Harvey and not to any negligence or contributory negligence on their part; that the said Harvey was negligent in failing to keep a proper lookout and in his failure to exercise proper care and caution in passing the plaintiffs' car; that Harvey stated shortly thereafter that he had misjudged the distance between the cars in attempting to pass the plaintiffs' car. Plaintiffs invoke the doctrine of res ipsa loquitur; and allege that Harvey was driving the car of his employer with the owner's knowledge and consent, while engaged in the course of his duties and within the scope of his employment or incidentally thereto; that said automobile was insured by the defendant insurance company and that under a provision of the policy they were entitled to recover, not only from defendant Harvey and his employer, but also from the insurance company.
The defendants, the tractor company and its insurer, filed a joint answer denying all of the allegations of the plaintiffs, save and except that Harvey was an employee of the defendant tractor company and had been such for some months prior to the accident; that his duties involved the travelling over the territory covering the Parish of East Baton Rouge and other surrounding parishes to contact prospective purchasers of his employer's products and had been furnished a car, together with all expenses, that the said automobile was kept in his possession at all times for such purposes, and that the said automobile was covered with insurance. Defendants denied that they were liable under the facts and circumstances of the case. They affirmatively averred that Harvey, at the time of the accident, was not acting within the scope or course of his employment, but was engaged on a personal social mission, without their knowledge or consent.
Upon trial, there was judgment in favor of the plaintiffs and against all defendants in solido. From this judgment the tractor company and its insurer have appealed.
As we fail to find any answer on behalf of the defendant Harvey, or a default entered as against him, we are not concerned with his liability. The case was tried only as to the two defendants who answered and have appealed.
Under the facts as disclosed by this record, Harvey's negligence is conceded for the purpose of this discussion. The plaintiff contends that the following coverage clause as contained in the insurance policy makes the defendant insurance company liable:
"Division 1. Automobile Dealer or Repair Shop.
"The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere
which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also forpleasure use". (Italics ours).
While defendants contend that the said clause is modified or explained by the definition of the word "Assured" in the policy as follows:
"111. Definition of `Assured'. The unqualified word Assured includes not only the named `Assured' but also any partner thereof if the named `Assured' is a partnership, and the president, vice-president, secretary and treasurer of the corporation if the named Assured is a corporation, with respect to the operation, for business or pleasure, of any automobile owned by or in charge of the named `Assured', except an automobile owned by such partner or officer or by a member of his family; but this provision shall apply only with respect to any such partner or officer who earns remuneration which is included in the total remuneration upon which premium for this policy is based, as hereinafter provided", which clearly show that the policy only extended coverage to the business operations by an employee of the assured.
Our interpretation of the contract of insurance, especially the clauses quoted above, after a careful consideration of the same, is in effect that the clause relied on by the plaintiff is not such an omnibus clause as is generally found in other forms of insurance contracts and that the coverage does not extend toany person driving an automobile belonging to the tractor company. In other words, under the terms of the policy liability is assumed by the insurance company only where injury is caused by someone operating an automobile belonging *West Page 23 
to the tractor company in the course and scope of its employment or incidental thereto. The important question, then, is whether or not, at the time of the accident, Harvey was operating the automobile of the tractor company in the course of its business or incidental thereto, in such a way as to make the tractor company liable for the injury caused by its employee.
The following facts are admitted: Harvey was in the employ of the tractor company as a salesman of its tractors, draglines and other kinds of machinery. He was given unlimited use of the automobile belonging to the tractor company, which automobile was admittedly covered by the policy. He was permitted to keep it at his home and to use it day and night, either for business or pleasure and in going anywhere he saw fit. The tractor company paid all expenses in the way of gas and oil and the upkeep of the car. Harvey was in the nature of a roving salesman. The evident purpose of this arrangement between the tractor company and Harvey was to give the latter full opportunity of making contacts with prospective purchasers for sale of the products of his employer. It was contemplated that Harvey would have no definite routes to travel or people to see; that he might meet a prospect at any time while on a business trip or while on a social function.
The evidence shows that Harvey had gone in this car to meet three young lady passengers on a bus from New Orleans to visit in his home in Baton Rouge, at about the hour of 3 o'clock P.M. The three young ladies got off of the bus at Government Street, from which they were taken to his home. The baggage of these three young ladies continued on the bus to the main bus station situated on Lafayette Street. At about 5 o'clock P.M., Harvey, in company with one of the young ladies, decided to go to the main bus station to get all of the baggage. Upon obtaining the baggage at the bus station, he and the young lady stopped at the Heidelberg Hotel to obtain tickets for the game of football to be played at the L.S.U. stadium that night. After leaving the Heidelberg, Harvey and his companion drove east on North Boulevard on his way home, and the accident happened just before reaching Dufrocq Street.
As previously stated, the evidence in the case plainly shows that the accident was caused by the gross negligence of Harvey in attempting to pass plaintiffs' car, and it is not necessary to discuss the details of the accident. After the accident, Harvey, without stopping, drove to his house, where he, his wife and visiting friends had lunch, and thereafter went to the football game at L.S.U.
Counsel for plaintiffs makes a very ingenious argument to show that Harvey, at the time of the accident, was acting within the incidental scope of his authority under these facts. They admit that at the time of the accident Harvey was engaged purely on a social mission of his own. But they argue that he was at all times looking for a prospect while going from place to place driving the company's car and that at such times he was engaged in affairs incidental to and connected with his employment, whether he would be on a social visit or on a trip to see an individual on behalf of his employer or not. There seems to be some force or merit in this argument. However, to adopt this point of view would be to stretch the scope of his employment to include all of his time and activities, including his own personal social activities for his own pleasure. It is obvious that in using the company car on this mission, Harvey was not doing anything directly or indirectly in furtherance of his employer's business. In fact, it is our opinion that his employer's business was far from being in his mind. Just how it could be said that the use of this car in going to the bus station for the baggage, the stopping at the hotel for football tickets and his return to his home was in the interest of his employment is beyond our understanding. The young lady who accompanied him on this trip definitely denies that she was in any way a prospect for the sale of any of his employers' wares or merchandise. His stopping at the Heidelberg for football tickets was likewise purely for social purposes. In fact, according to his own testimony, the only thing he did there was to obtain the football tickets, without seeking to contact anyone for any purpose but that. Suffice it to say, when this accident took place Harvey was engaged in no activity that was even remotely connected with his employment so as to hold his employer and its insurance company liable.
For these reasons, it is ordered, adjudged and decreed, that the judgment appealed from be, and the same is hereby avoided, annulled and reversed, and that there now be judgment in favor of the Louisiana *West Page 24 
Tractor Machinery Company and the American Employers Insurance Company of Boston, Massachusetts, dismissing plaintiffs' suit as to them at the cost of the plaintiffs in both courts.