Plaintiff, the legal tutrix of Roy Holloway, Jr., instituted this suit on behalf of said minor to recover damages for personal injuries he received in a collision between a bicycle on which he was riding and a motorcycle operated by Rayman Hayten. Plaintiff alleged that Rayman Hayten was employed by the Western Union Telegraph Company as a messenger boy and was at the time of the accident engaged in said employment and acting within the scope of his employment. Plaintiff also alleged that the collision was caused entirely by the negligence of Rayman Hayten in driving his motorcycle at an excessive rate of speed, in not keeping a proper lookout, leaving his own lane of traffic and crossing to his left or wrong side of the street, and in operating his motorcycle in a reckless and careless manner under the circumstances and at a location which was a school zone.
Plaintiff made the Western Union Telegraph Company the only defendant; Rayman Hayten was not impleaded.
Defendant denied the charge of negligence on the part of Rayman Hayten and alleged that the accident was caused by the negligence of Roy Holloway, Jr., and his companion on the bicycle. It further defended on the ground that Hayten was not on duty at the time of the accident and not acting within the scope of his employment. That the accident occurred during the one-hour period which Hayten was given each day to be used by him as he pleased and for which hour he was not paid any salary. In the alternative, it pleaded the contributory negligence of Roy Holloway, Jr., as a proximate cause of the accident.
The lower court found that Hayten was guilty of negligence which was the proximate cause of the accident. It also found that he was not at the time of the accident on duty for defendant and was not at the time acting within the scope of his employment and therefore defendant was not liable for his acts of negligence. From this judgment plaintiff is prosecuting this appeal.
Counsel for plaintiff has furnished us with a very exhaustive brief in which he has reviewed all of the law applicable to a case of this kind and if we could find the facts to justify a decision for plaintiff, our labors in searching out the law applicable would be greatly reduced by appellant's brief. But, as we review the case, the determinative question, insofar as this defendant is concerned, is a factual one.
The undisputed facts of this case are as follows:
Defendant in operating its business makes use of a number of messenger boys. It only employs boys who can operate either a bicycle or motorcycle and they are required to furnish their own machines. Those who furnish bicycles are paid one price for their services and the ones who use motorcycles are paid another price, or about $4 per week more. The messenger boys are not only required to furnish their own machines but are also required to keep them in repair, on their own time and at their own expense. Defendant regularly inspects the cycles and if one is found out of order its owner is required either to fix it or have it fixed.
The motorcycle boys are paid forty cents per hour and are supposed to work forty hours per week. For all time over forty hours their pay is one and one-half times the regular pay. Each messenger boy is given one hour each day to do whatever he is inclined to do and he is not paid for that hour. When the time comes for the hour off, the boy is checked out and when he returns at the end of the hour he is checked in again. His time stops when he leaves and starts again when he returns. The boys are allowed to wear the regulation *Page 75 
uniform during this hour off but are required to leave their caps at the office of defendant.
Rayman Hayten had been in defendant's employ for a long time performing his duties on a bicycle. A few days prior to the accident he purchased a motorcycle and since that time had used it exclusively. Hayten returned to work at twelve noon on the day of the accident and was supposed to have an hour off from three to four, his day's work to be over at seven P.M. A short time before three o'clock P.M., Rayman stated to his superior that one tire on his motorcycle was leaking and that he would like to get off so he could repair the leak. He was told that business was rushing just at that time; that he was badly needed and was requested to put some air in the tire and tube until sometime later, which he did. The rush being over at three-thirty-five P.M., Hayten was told that he might then have his hour off and that he might then fix the tire during that period of time. He left defendant's place of business and went to a filling station where he spent most of the hour fixing his tire. After finishing Hayten started back to his place of work to see how much of his hour he had consumed; if he had used all of it he would report for duty and if not, he would go to a nearby eating place and get a hamburger and bottled drink. It was while on his way back that the collision occurred, the time being approximately four-thirty P.M.
It is plaintiff's contention that when Rayman Hayten was fixing his machine to be used in his employment he was doing something incidental to his employment and in the interest of his employer, therefore, was within the scope of his employment when he was returning to work after having repaired his motorcycle tire.
We can well visualize an instance where that situation might be true but not under the employment of Hayten by defendant in this case. Hayten not only hired himself to defendant but agreed to furnish a motorcycle as well. Defendant would not have employed him unless he could furnish his own bicycle or motorcycle. Defendant did not assume any obligation to keep the motorcycle in repair, that being entirely up to Hayten. Any repair work had to be made on Hayten's time and not on defendant's time. Defendant was not concerned with how the repairs were to be made. If Hayten had wished to place the machine in a shop for that purpose and go on about his personal affairs while it was being fixed, he could have done so. If Hayten had wanted to purchase a new machine or borrow one, it was no concern of defendant. All that defendant required was that Hayten, when reporting for duty, had with him a machine on which he could perform the duties required of him. He was paid only for the hours he was actually on duty and the hour he was given, between three-thirty-five P.M. on the day of the accident and the time of the accident, he was to receive no pay from defendant. During that hour Hayten clearly was not performing any duties within the scope of his employment and was not so engaged at the time of the accident. He had been on a personal mission of repairing his own motorcycle.
It is our opinion that Hayten's employer, the defendant herein, cannot be held liable for any negligence of his that might have caused this accident and injury to Roy Holloway, Jr. It therefore becomes unnecessary in this case to pass upon the question of negligence raised.
The judgment of the lower court is correct and is affirmed.