This is a suit for damages caused by injuries received in an automobile collision. The defendants are Arthur Stovall, driver of one of the cars, and his employer and owner of the car, Mrs. Mattie I. Greer.
The petition alleges that Stovall and his wife were and had been for several months employed by Mrs. Greer to work at her place of business. That at the beginning of the employment the Stovalls lived near their place of employment, but subsequently moved to an abode some four miles distant. That "to keep the defendant, Arthur Stovall, in her employment the defendant, Mrs. Mattie I. Greer, who also had in her employ the wife of the defendant, Arthur Stovall, loaned her automobile to allow the defendant, Arthur Stovall and his wife to have transportation to and from their work and in this way and manner defendant, Arthur Stovall, was able to insure his early arrival each day to his work, all of which was for the benefit of the defendant, Mrs. Mattie I. Greer. That on the morning of August 29th, 1941, at the time of the accident above referred to, the defendant, Arthur Stovall, was returning to his place of employment with defendant, Mrs. Mattie I. Greer, and for this reason was acting in the course and scope of his employment for the benefit and account of Mrs. Mattie I. Greer, and all with the consent, suggestion and knowledge of the defendant, Mrs. Mattie I. Greer, to enable defendant, Arthur Stovall, to arrive earlier and more quickly at the place of business."
Defendant, Mrs. Mattie I. Greer, filed exceptions of no cause and no right of action, both of which were sustained by the lower court and plaintiff's demand dismissed.
The petition fails to state the nature of Mrs. Greer's business or of Stovall's employment; the time when he was required to report for work; that the loan of the automobile was a part of the consideration for his work; that he had no other means of transportation; that he could not reach his place of employment on time without its use. The statement that the loan of the automobile insured his early arrival means nothing as the term "early" is without definite significance. An employee is required to reach his place of work on time, not early. The word "loan" negatives any idea of contract, requirement or consideration. *Page 406 
It applies where the owner of an article voluntarily grants its use to another on condition of its ultimate return.
Pleadings are construed most strongly against the pleader who is presumed to state his whole case and in the most favorable light.
In both Whittington et al. v. Western Union Tel. Co., La.App.,1 So.2d 327, and Gallaher v. Ricketts et al., La.App., 191 So. 713, relied upon by plaintiff, the general rule in this State is held to be that an employee going to and from his place of employment is not considered as acting within the scope of his employment.
The well pleaded facts in this case must bring it within some exception to that rule to state a cause of action. An exception to a general rule must be strictly alleged and as strictly proven.
The exception relied upon is thus stated in the Whittington case [1 So.2d 328], "unless there are circumstances disclosing that the interests of the master were at the time being served."
In the Gallaher case [191 So. 715], "it is only where the trip to or from work is required by the master to be made in an automobile, or other vehicle furnished, or where the use of the vehicle may be regarded as for the owner's purposes, as where it makes it possible for the employee to arrive more quickly at the place of business".
In Cado v. Many, La.App., 180 So. 185, 187, it is held that "it is only where there is some distinguishing fact — such as the performance at the same time of service for the master, or when the master furnishes the vehicle in order that the servant may more quickly return to work — that there is liability in the master".
This case holds that some distinguishing fact must be alleged to show that the interests of the employer were being served. In this case a boy used a bicycle belonging to his employer to go to lunch. He was allowed an hour. The Court found that he could have obtained lunch in that time whether he used the bicycle or not. Therefore, any time he saved belonged to him and not his employer. The benefit was his, not his employer's. Had he been allowed only half an hour, insufficient without the use of the bicycle, the case would be different.
The facts in the Whittington case are practically the same, and again the Court found for defendant.
In the Gallaher case the automobile of the employer was used to attend pep meetings, and again the Court found for defendant. It is manifest that in all cases one can travel faster and arrive at his destination quicker by bicycle or automobile than on foot. If this alone established liability the employer would always be responsible. Something more is required, some distinguishing fact establishing that under the peculiar facts of employment the business interest is directly benefitted.
This proposition is well stated in Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, vol. 5, page 196, § 3041:
"In the absence of special and peculiar facts and circumstances affecting the relationship of the parties and the purposes to be served as a general proposition the servant, in going to and from his work in an automobile acts only for his own purposes, and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the automobile was being so used."
"For example, where an employee works for another at a given place of employment, and lives at home or boards himself it is the business of the employee to present himself at the place of employment, and the relation of master and servant does not exist while he is going between his home and his place of employment."
Does the petition in this case allege the required distinguishing facts?
The nature of Mrs. Greer's business is not stated. Nor is the nature of Stovall's work given. It is not stated that the use of the car was a part of the consideration in the contract of employment. Stovall's hours of work are not specified. It is not shown that he did not have an automobile or other means of transportation. Therefore, the allegations that the use of the automobile enabled him to arrive earlier and more quickly indicates no benefit to his employer. If he arrived before the hour of work the time gained was his to do as he pleased. The fact that he could travel more quickly enabled him to start later. Again the saving was his. There is absolutely no showing wherein his early arrival benefitted his employer. If facts *Page 407 
were alleged to show that his hours of employment were actually lengthened by the use of the automobile that would constitute a substantial benefit to the employer and a different result would be reached even if the employee also benefitted.
See note and cases cited: 22 A.L.R. 1420; 45 A.L.R. 490; 68 A.L.R. 1058; 80 A.L.R. 732.
We therefore conclude that the facts plead leave the case within the terms of the general rule and that plaintiff's petition states no cause of action against Mrs. Greer.
Where it is clear that plaintiff has alleged all of the facts available the exception of no right of action becomes applicable.
While counsel in his brief does not suggest an ability to allege further facts, it is apparent that the petition is deficient in statement concerning the hours of employment and wherein defendant was benefitted by the employee's early arrival.
We therefore think that plaintiff should not be deprived of the opportunity to bring his suit anew.
For the reasons above assigned the judgment appealed from is affirmed insofar as it sustains the exception of no cause of action and dismisses plaintiff's suit as to defendant, Mrs. Mattie I. Greer, but reversed insofar as it sustains the exception of no right of action. Appellant to pay costs of appeal.
DREW, J., not participating.