64 So.2d 526 (1953)
MARQUEZ
v.
MILLER et al.
No. 20054.
Court of Appeal of Louisiana, Orleans.
April 20, 1953.
Rehearing Denied May 4, 1953.
C. L. Stifell, New Orleans, for appellee.
J. Rosenberg, New Orleans, for appellant Matt Miller.
Before JANVIER and REGAN, JJ., and ALBERT B. KOORIE, Judge ad hoc.
REGAN, Judge.
Plaintiff, E. B. Marquez, the owner of a parked Ford automobile, instituted this suit against the defendants, Matt Miller, employer, and Roland Ledet, employee, endeavoring to recover the sum of $112.91, representing property damage incurred by plaintiff on the morning of August 12th, 1950, at about eight o'clock a. m. by virtue of a collision between the automobile operated by defendant Ledet and "a truck" in the intersection of Valmont and St. Charles Avenue, in the City of New Orleans. As a sequel thereof the Ledet automobile struck the car of Philip Scheib, which was parked parallel to the righthand curbing in St. Charles Avenue about fifty feet removed from Valmont Street which, in turn, was propelled into and damaged the similarly parked automobile of plaintiff.
Ledet failed to answer and a judgment of default was rendered against him.
Miller filed preliminary exceptions which were overruled and then answered generally denying that Ledet was guilty of any negligence in the premises and especially pleading that, at the time the accident occurred, Ledet was not acting within the scope and course of his employment by Miller.
From a judgment in favor of plaintiff as prayed for Miller prosecutes this appeal. Plaintiff has answered the appeal requesting that we dismiss the appeal of Miller on the ground that the trial judge erred in permitting Miller to withdraw an initial plea of prescription and to file additional pleadings on the day of the trial in the form of exceptions and answer which violated Rule 9 of the First City Court, LSA-R.S. 13:1971, i. e. "* * * all pleadings by way of answer and exceptions must be in writing and must be filed within the legal delays at one and the same time * * *".
Defendant, on the other hand, maintains that the trial judge's ruling in this instance was correct, inasmuch as enforcement of Rule 9, under the existing circumstances, *527 was within the sound discretion of the presiding judge.
After an examination of the record we find that it is unnecessary, in order to reach a just conclusion, to pass upon the validity of this ruling. Assuming arguendo, a position most favorable to the defendant, that the judge, a quo, was correct in her ruling, we are of the opinion that defendant has not thereby been afforded an advantage which would in any manner change our decision.
Plaintiff's evidence reflects that St. Charles Avenue and Valmont Street are conventional paved roadways. Valmont Street intersects and crosses St. Charles Avenue. Prior to the collision Ledet was driving in St. Charles Avenue, moving in the direction of S. Carrollton Avenue and collided with a truck in this intersection, causing his car to swerve sharply into the rear of an automobile, owned by Philip Scheib, which was parked parallel to the righthand curbing of St. Charles Avenue and propelled the Scheib car into plaintiff's automobile causing the damage which ultimately resulted in this litigation.
Defendant offered no testimony in rebuttal of the foregoing evidence, but simply endeavored to establish, through the testimony of Miller that Ledet was not acting within the scope of his employment by Miller at the time that the accident occurred.
Miller insists that while it is true that "the evidence disclosed that plaintiff's automobile was struck by the car of Roland Ledet, it failed to establish that the accident was caused through the negligent operation of Ledet's car" and, finally, that "there was no proof in the record that Ledet, who was operating his own automobile, was engaged in the course of his employment at the time of the alleged accident * * *."
The record conclusively reflects that plaintiff's automobile, while legally parked sixty feet from Valmont Street and parallel to the righthand curbing of St. Charles Avenue, was struck by the automobile of Ledet, who, prior thereto, had been involved in an intersectional collision. It is usually negligence per se to strike a vehicle which is legally parked and, therefore, these facts reflect that plaintiff had made out a prima facie case and the burden of proof then shifted to the defendant to establish, if he could, by other competent evidence, facts which would show that the damage to plaintiff's car was not caused as a result of the negligent operation of the Ledet vehicle. Miller failed to establish this essential fact and, accordingly, he has failed to overcome the prima facie case made out by plaintiff.
The record also reveals that when the accident occurred Ledet was admittedly in the employ of Miller receiving as compensation therefor a commission of thirty percent of all delinquent accounts which he collected, and it was their mutual understanding that Ledet was to use his own automobile as a medium of transportation in visiting and effecting collections of these accounts which were furnished to Ledet by Miller.
Therefore, the only question posed for our consideration since we have already found Ledet guilty of negligence, is whether Ledet was acting within the scope of his employment by Miller at the time that the accident occurred.
Defendant's counsel in cross-examining plaintiff elicited the following pertinent facts:
"Q. You don't know whether Mr. Ledet was on a mission of his own or in the course of employment, do you? A. He said he was on a mission for Mr. Miller about collections and he showed me a list of collections to be collected."
This testimony stands uncontradicted in the record and we are, therefore, of the opinion that Ledet was acting within the scope of his employment by Miller when the accident occurred.
The damages to plaintiff's automobile, incurred by virtue of the accident, in the amount of $112.91, have been adequately proven.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., absent.