**JOHNSON et al.**

v.

**ESSO STANDARD OIL CO.**

No. 14688.

United States Court of Appeals,
Fifth Circuit.

March 26, 1954.

Rehearing Denied May 3, 1954.

Calvin E. Hardin, Jr., Wilson B. Holcombe, Arthur M. Curtis, Baton Rouge, La., for appellee.

Fred G. Benton, Edward Donald Moseley, Baton Rouge, La., Carl A. Chadwick, Natchez, Miss., for appellants.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

### HUTCHESON, Chief Judge.

The suit was for injuries resulting in the death of plaintiff's husband and one of her minor children, caused by a collision between a horse drawn wagon, in which they were passengers, and a truck, owned and driven by one Jake Foreman.

The claim was that the driver of the truck was at the time of the accident an employee of the defendant acting within the course and scope of his employment. The defenses were: (1) that at the time of the accident Foreman was not an employee of the defendant; and (2) that, assuming that he was in the employ of the defendant, he was not at the time of the accident acting within the scope of his employment but was on a mission of his own.

At the close of all the evidence, defendant moved for a directed verdict in its favor on the grounds that the plaintiff had offered no evidence showing that Jake Foreman was at the time of the accident an employee or servant of the defendant acting as its employee and within the scope of his employment, and that, on the contrary, the uncontradicted and undisputed evidence showed: (1) that Foreman was not an employee of the defendant and (2) that if he was, he was not acting within the scope of his employment.

This motion was denied and the cause was submitted to the jury, which returned a verdict, in answer to questions, finding: (1) that Foreman was a servant of the defendant; and (2) that he was at the time of the accident acting within the scope of his employment. Whereupon, the defendant filed a motion for judgment in accordance with its motion for a directed verdict, and, in the alternative, for a new trial on the ground that there was no substantial evidence to support the jury's answers, and that the undisputed evidence showed that the answers were not correct.

The district judge set aside the verdict of the jury, granted defendant's motion for a directed verdict, and dismissed the case, and, alternatively, granted defendant's motion for a new trial, saying:

"Whereupon, and upon due consideration thereof, pretermitting any conclusion relating to the jury's action as to Interrogatory No. 1, the evidence as to Interrogatory No. 2 is such that reasonable men should not differ in deciding that at the time of the accident Foreman was not acting in the course and scope of his employment. The verdict of the jury, therefore, is vacated and set aside and the defendant's motion for judgment in accordance with its motion for a directed verdict is Granted and this case is dismissed. Defendant's alternative motion for a new trial is likewise granted in the event the decision of this Court herein is reversed on appeal."

For the reason hereafter briefly stated, we are of the clear opinion that the district judge was right in his view that, at the time of the accident, Foreman was not acting in the course and scope of his employment, but was on a mission of his own. Because we are, we shall, as the district judge did in acting on the motion, dispose of the case by affirming the judgment on this ground without undertaking to canvass or discuss appellee's other contention that the judgment was rightly entered on another ground also, that Foreman, the driver of the car, was not in the employ of the defendant.

[1,■ The general principle on which the district court rested his judgment, and we rest ours in affirming it, is well stated in 35 Am.Jur., "Master and Servant", Sec. 555:

"The general rule is that if an employee who is delegated to per-

form certain work for his employer steps or turns aside from his master's work or business to serve some purpose of his own, not connected with the employer's business, or, as it is often expressed, deviates or departs from his work to accomplish some purpose of his own not connected with his employment—goes on a 'frolic of his own'—the relation of master and servant is thereby temporarily suspended, and the master is not liable for his acts during the period of such suspension; he is then acting upon his own volition, obeying his own will, not as a servant, but as an independent person, even though he intends to and does return to his employer's business after he has accomplished the purpose of his detour from duty. The test of the employer's liability for the act of an employee who departs from the employer's business for purposes of his own is whether he was engaged in his employer's business at the time of the accident, and not whether he purposed to resume it. The employee is, so long as he is engaged in affairs of his own or is pursuing some purpose unrelated to his master's business, acting as much outside the scope of his employment as he would be were his working day ended, or his task completed, and thus his employer is relieved from liability for the consequence of any tortious conduct committed by the employee during that period, however short it may be."

The sections following to 561, inclusive, deal with particular applications of, and variations from the rule.

This statement of the law follows, and is followed by the cases generally. One of the best statements of the principle is that made by the Supreme Court of Texas, in Southwest Dairy Products Co. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854, one of the cases cited in a note to the above quotation. No jurisprudence with which we are familiar holds to the contrary or states the principle differently from the statement of it in American Jurisprudence, quoted from above. The great number of cases which have arisen under the rule are not concerned with controverting it or stating it differently. They are fact cases dealing with particular and varying facts. They have usually been decided with great uniformity in the statement, with less uniformity in the application, of the principle.

As shown by the cases cited below,[1] in Louisiana, whose jurisprudence is controlling here because the injury occurred within its confines, the principle is accepted and stated substantially as stated in the quotation above. Not even the Louisiana Court of Appeals case most relied on by appellant, Krousel v. Thieme, 13 La.App. 680, 128 So. 670, undertakes in any respect to depart from, or repudiate, the rule, while in James v. J. S. Williams & Son, 177 La. 1033, 150 So. 9, the Supreme Court of Louisiana states the rule as set out above and applies it as the lower court did in this case.

[3] Appellant making much of the fact that there was a tank of gasoline on the truck and that the tank had the defendant's name upon it, presses hard upon the presumptions which she claims arise from such facts. But such presumptions, as has been pointed out by our court in Foundation Co. v. Henderson, 5 Cir., 264 F. 483; Kuykendall v. United Gas Pipe Line, 5 Cir., 208 F.2d 921, and other cases, disappear in the face of the positive and uncontradicted evidence adduced in this case.[2] This

1. Braud v. Vinct, La.App., 5 So.2d 200; James v. J. S. Williams & Son, 177 La. 1033, 150 So. 9; Oliphant v. Town of Lake Providence, 193 La. 675, 192 So. 95.

2. As pertinent here, this was:
On the evening of Saturday, Dec. 29, 1951, prior to the accident, Mr. Fore-

man had made his last delivery for the day, had no call from any customer, and had no intention of making any further deliveries that evening; had gone to his home three blocks south of Highway 80 in Delhi, Louisiana, parked his truck in front of his house, cleaned up and

evidence convincingly establishes beyond the possibility of question or cavil: that at the time and upon the occasion of the accident, Mr. Foreman was on a mission of his own, going hunting; that he was not in any respect upon the business of defendant; and that his acts cannot, upon the doctrine of respondeat superior, be imputed to it.

The district judge was right in not entering judgment on the verdict. The judgment is

Affirmed.

changed his clothes, and had picked up a friend, Felix Jones, at Jones' home.

On that evening, at the time of the accident, Mr. Foreman was driving his truck, accompanied by the said Felix Jones, on his way to pick up a friend named Leonard Crumble at Crumble's home about twelve miles northwest of Delhi.

His plans and intentions were: to pick up Leonard Crumble; to proceed, with Felix Jones and Leonard Crumble, to the home of his father-in-law, Mr. A. L. Little south of Tallulah, Louisiana, where his wife and children were; to spend the night, along with Mr. Jones and Mr. Crumble, at the home of his father-in-law; to go deer hunting the next day, Sunday, Dec. 30th; to return from Mr. Little's home, near Tallulah, to his own home south of Delhi, on the evening of Sunday, Dec. 30, 1951; to return to his own home before selling any gas; and not to sell any gas until Monday, Dec. 31, 1951.

He had no intention of selling any gas to anyone while he was on his way to pick up Mr. Crumble, while he was on the way to Mr. Little's house, while he was at Mr. Little's house, while he was on the way back from Mr. Little's house on Sunday afternoon, or even after he had gotten back to his home, or at any time until the following Monday morning.

In going from Delhi to Leonard Crumble's house, from Mr. Crumble's house to the home of Mr. Little, and from Mr. Little's house back to Delhi, Mr. Foreman had no customers on the route and had never sold to anyone along the route.

He had no instructions from anyone connected with Esso Standard Oil Co. in connection with this trip to do anything while on it.