148 So.2d 822 (1963)
Alfred B. WILLS, Individually, and on behalf of his minor daughter, Marion Wills,
v.
Melvin F. CORREGE, and Columbia Paper Co., Inc.
No. 889.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1963.
Rehearing Denied February 4, 1963.
Certiorari Denied March 25, 1963.
*823 Edward J. Villere, New Orleans, for plaintiff-appellant.
Weldon A. Cousins, Loeb & Livaudais, P. A. Wittmann and Marcel Livaudais, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, TURNER, and JANVIER, JJ.
SAMUEL, Judge.
This is an appeal taken by the plaintiff from a summary judgment dismissing their suit as to Columbia Paper Company, Inc., one of the defendants. The motion for summary judgment was heard by the trial court on two occasions, the second for the purpose of giving plaintiffs a full opportunity to present all of their evidence.
The record consists of the pleadings and certain discovery depositions and reveals the following facts: Plaintiff, Alfred B. Wills, individually and on behalf of his minor daughter, Marion, filed this suit against Melvin P. Correge and Columbia Paper Company, Inc. for damages resulting from an accident in which a station wagon driven by Correge struck and injured the child. Correge was employed by Columbia as a salesman and resided in the City of New Orleans where the latter's place of business was also located. On the day of the accident he had returned to Columbia's office at about 4 o'clock in the afternoon and there concluded his business for the day. The accident happened while he was on his way home, traveling the route he normally used for that purpose.
Correge personally owned the station wagon involved in the accident, worked solely on a commission basis and received no mileage allowance or reimbursement for automobile gasoline or expenses. However, he did receive what the record describes as a $50.00 "draw", that is, $50.00 each month from which no taxes were withheld. This amount was not in addition to the commissions he received but was deducted from earned commissions and the only difference between the "draw" and the balance of his commissions was that no taxes were withheld from the former. As *824 explained in the depositions this procedure enabled the company's salesmen to pay their expenses currently and avoided the necessity of later obtaining a rebate on taxes withheld.
Correge regularly used his station wagon in the course of his employment in calling on customers during the day and occasionally in the evenings. He did not have a set territory but was free to call on whomever he pleased within the city and the metropolitan area. Columbia does not employ salesmen who do not have a personal automobile.
The only question presented for our determination is whether or not, under the doctrine of respondeat superior as expressed by LSA-C.C. Art. 2320, the employee Correge was acting within the course and scope of his employment at the time the accident occurred.
The contention of the present plaintiff is that, considering the amount of travel required by the nature of the employment and the area which had to be covered, the use of the employee's automobile was either required by the employer or so necessary to the conduct of the latter's business that Columbia should be held responsible under the doctrine of respondeat superior. We cannot agree with this contention.
While Article 2320 makes employers liable, under the doctrine of respondeat superior, for the damage occasioned by the fault of their employees "in the exercise of the function in which they are employed", that phrase is a codal expression of the usual "in the course and scope of employment", and it is well settled that the very liberal construction given to the latter phrase in various workmen's compensation cases is not followed in tort cases for personal injuries and damages where the courts have adopted a strict interpretation and construction. La Borde v. McBride, La. App., 112 So.2d 319; Gallaher v. Ricketts, La.App., 191 So. 713; Marquez v. LeBlanc, La.App., 143 So. 108.
The general rule is that an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for the employee's negligent acts. Boyce v. Greer, La.App., 15 So.2d 404; Sedberry v. Western Union Telegraph Co., La.App., 9 So.2d 73; Whittington v. Western Union Tel. Co., La.App., 1 So.2d 327; Gallaher v. Ricketts, supra; Cado v. Many, La.App., 180 So. 185. This is true even when the vehicle used for transportation by the employee is owned and furnished by the employer except where there is some distinguishing and additional fact which causes such travel to benefit or serve the employer or his business. Harding v. Christiana, La.App., 103 So.2d 301; Boyce v. Greer, supra; Cado v. Many, supra.
Plaintiff relies principally upon a recent case on the subject, O'Brien v. Traders And General Insurance Company, La.App., 136 So.2d 852. But O'Brien reaffirms the established line of jurisprudence and the holding of that case does not support plaintiff's position. For the case held that an employee who had an accident while driving to a meeting which his employer ordered him to attend and who was paid mileage for the trip was in the scope of his employment while on that particular trip. And the opinion stated (136 So.2d at page 864):
"Conversely, where an employee is not compensated for his time or is not supplied with a vehicle by his employer to go to and from work, it is clear that at that time the employee is not engaged on a mission for his master but is, so to speak, on his own."
Here the vehicle was not furnished, nor were its expenses paid, by the employer. The employee was not on a mission for his employer. He had completed his work for the day, was no longer under his employer's control, and was free to go to his home or to any other place of his own choosing. *825 And he was on his way home when the accident occurred. We are unable to find any distinguishing fact or facts which caused this employee's trip to his home at the time of the accident to benefit or serve the employer or his business to the extent that the employer can be held responsible under the doctrine of respondeat superior. This case comes under the general rule that the employee is not acting within the course and scope of his employment while driving to and from his place of employment.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by plaintiffs-appellants.
Affirmed.