Paul BATES

v.

William ATKINS et al.

Civ. A. No. 12344, Division B.

United States District Court
D. Louisiana.
April 30, 1963.

of the Orange Street Wharf, while the defendant, Atkins, was enroute to begin his employment with defendant, Ryan Stevedoring Company, Inc.

While it is certainly true that masters are liable for unintentional torts committed by their servants when acting within the course and scope of their employment, Louisiana Civil Code Article 2320, Martin v. Brown, 240 La. 674, 124 So.2d 904; Marquez v. Miller, La. App., 64 So.2d 526; Romero v. Hogue, La.App., 77 So.2d 74; the problem at hand involves a servant "hired" at 7:30 a. m. to begin "employment" at one p. m. During the interim the employer did not have the power of direction and control over the employee, both essential elements to the relationship of master and servant, Moffet v. Koch, 106 La. 371, 31 So. 40.

The general rule in Louisiana is that an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for the employee's negligent acts. Boyce v. Greer, La.App., 15 So.2d 404; Sedberry for Use and Benefit of Holloway v. Western Union Telegraph Company, La.App., 9 So.2d 73; Whittington v. Western Union Telegraph Company, La.App., 1 So.2d 327; Gallaher v. Ricketts, La.App., 191 So. 713; Cado v. Many, La.App., 180 So. 185; O'Brien v. Traders and General Insurance Company, La.App., 136 So.2d 852; Wills v. Correge, La. App., 148 So.2d 822.

It is ordered, adjudged and decreed that there being no just cause for delay in the entry of a final order of dismissal as to defendant Ryan Stevedoring Company, Inc., that judgment be entered in favor of Ryan Stevedoring Company, Inc., and against Paul Bates, and that the action as between these parties be, and the same is hereby dismissed.

Charles Maloney, New Orleans, La., for plaintiff.

Carl J. Schumacher, Jr., Albert H. Hanemann, Jr., New Orleans, La., for defendant, Ryan Stevedoring Co., Inc.

ELLIS, District Judge.

It is an uncontroverted fact that at a seven a. m. "shape-up" the defendant, William Atkins, was told to report to work for defendant, Ryan Stevedoring Company, Inc., at one o'clock p. m., November 29, 1961. It is further uncontroverted that during the interim the defendant, Atkins, was not subject to Ryan's direction and control in any respect, but was, rather, free to pursue any occupation or recreation at his pleasure. It is still further uncontroverted that the accident in suit occurred at 12:15 p. m. on the City-side Roadway