YARRUT, Judge.
Plaintiff sues defendants to recover $159,-522.15 for personal injuries sustained in an intersectional collision in New Orleans, Saturday afternoon at 4:30 p. m., April 4, 1959. The collision took place between a motorcycle driven by Plaintiff and an automobile owned and driven by Defendant (Ary). The other defendants are: Ary’s employer, A & M Pest Control Service, Inc. (A & M) ; its general liability and comprehensive automobile liability insurer, American Employers Insurance Company (American) ; and Ary’s individual liability insurer, Employers Liability Assurance Corporation, Ltd. (Employers).
A & M and American filed a third-party action against their codefendant Ary.
By stipulation Ary and Employers were dismissed from the suit except for any liability American may have under its comprehensive automobile policy.
The District Court rendered judgment in favor of Defendants without written reasons. Plaintiff has taken this appeal.
Since Ary’s negligence is conceded, the questions presented here, upon which A & M’s and American’s liability depends, are: (1) whether Ary was engaged within the scope of his employment for A & M at the time of the collision; and (2) whether American’s comprehensive automobile policy insuring A & M’s employees covered Ary on this occasion. The facts are:
Ary testified that, after he finished his work for A & M about noon on the Satur *65 day in question, he drove to his sister’s home and spent the afternoon there doing carpentry work for her. He left her home shortly before the accident, homeward bound, since he had no other work to do for A & M. The automobile he drove was personally owned by him.
Ary’s employment by A & M was strictly on a commission basis, plus $65 per month expense allowance for the use of his automobile while soliciting and executing orders for pest control service for A & M.
Ary was required to keep an “A & M” decal on both sides of his automobile to identify him as an A & M employee to prospective customers and for its advertising value to A & M for which Ary received $5.00 per month. Ary was also required to wear a shirt identifying him while at work as an A & M employee.
We must conclude from the evidence that Ary, at the time of the accident, was strictly on a mission of his own, visiting his sister, from which he was returning home for the day, therefore not in pursuit of any business of A & M. Maas v. Harvey, La.App., 4 So.2d 21, aff. 200 La. 736, 8 So.2d 683. Wills v. Correge, La.App., 148 So.2d 822, writ refused 244 La. 147, 150 So.2d 768. Barnes v. Spikes, La.App., 148 So.2d 303. Braud v. Vinet, La.App., 5 So.2d 200. Gallaher v. Ricketts, La.App., 191 So. 713 (on rehearing).
The fact that Ary had A & M’s advertising decals on his automobile at all times would not, of itself, make him an employee after the day’s work or while on a mission of his own. Johnson v. Esso Standard Oil Co, 5 Cir, 211 F.2d 397. Whittington v. Western Union Tel. Co, La.App, 1 So.2d 327. Sedberry for Use & Benefit of Holloway v. Western Union Telegraph Co., La. App, 9 So.2d 73.
The next question is whether Ary was covered in this instance under A & M’s comprehensive automobile liability policy in which A & M is the named insured.
This policy provides that American will pay on behalf of “the insured” all sums “the insured” is legally obligated to pay by reason of automobile accidents, with respect to:
Division 1 — Owned Automobiles
Division 2 —■ Hired Automobiles
Division 3 — Non-Owned Automobiles
The policy insures only “the insured” as defined in Insuring Agreement III for coverages A & C (automobile liability). It covers anyone using an “owned” or “hired” automobile, provided such use is by the named insured or with his permission; and as to non-owned automobiles, it covers any executive officer of the named insured for business use of a non-owned automobile; and Division 2 specifically provides that it does not apply:
“(d) with respect to a hired automobile, to the owner thereof * * *
“(e) With respect to any non-owned automobile, to any executive if the automobile is owned by him or a member of his household.”
As applied to this case, if Ary’s car was a “hired automobile”, Ary is not covered because he is the owner of the car; if it was a “non-owned automobile”, Ary was not an executive officer and is not covered, and even if he were an executive officer, again as owner of the car he is not covered. Fidelity & Casualty Company of New York v. Carpenter, 5 Cir, 234 F.2d 528.
In the Carpenter case the court noted, and fully distinguished Le Blanc v. New Amsterdam Cas. Co, 202 La. 857, 13 So.2d 245, cited by Plaintiff.
The Le Blanc decision held the employee was actually in the course of employment at the time of the accident.
American, therefore, either as the general liability insurer or comprehensive automobile liability insurer of A & M, has no *66 liability for the accident involved here, since Ary was not on a mission within the scope of his employment, or one required by A & M.
The judgment of the district court is affirmed; Plaintiff to pay costs in both courts.
Judgment affirmed.