ELLIS, Judge.
This is a tort action arising out of an accident which occurred on November 11, 1959, wherein Mary McCastle was driving her husband’s 1956 Oldsmobile and was struck from the rear by an International truck driven by Weldon L. Long, an employee of Arnold & Clark Chemical Company. Mary McCastle had stopped for a red light at the intersection of Scenic Highway and Shada Avenue, and while so stopped was struck from the rear by the truck operated by Weldon L. Long. There were three occupants in the automobile in addition to the driver, namely, Frances Ambeau, who was seated on the right front, Florence Haney, sitting on the left rear, and Vernell Sims, seated on the right rear. All the occupants of the McCastle automobile filed separate suits seeking damages against Arnold & Clark Chemical Company and its insurer, Mid-Continent Casualty Company, for injuries and damages resulting from the collision. The cases were consolidated for *679 trial in the lower court and judgments were awarded in favor of all the plaintiffs. The cases were consolidated for argument on appeal, and it is conceded by both plaintiffs and defendants that the only question involved is the quantum allowed for the items of pain and suffering.
We shall discuss the various questions of quantum raised by this appeal and render separate judgments in each of the separate appeals.
Royal McCastle and his wife, Mary Mc-Castle, were awarded $1,378.35 as special damages which included $841.72 as damages to the automobile, and the balance being various hospital, doctor and drug bills. Mary McCastle was also awarded $1,500.00 for pain and suffering, which it is now contended is insufficient. In support of this contention, the case of Harvey v. Great American Indemnity Company, La.App., 110 So.2d 595, is cited as authority for the inadequacy of the district court’s award. In the Harvey case the plaintiff, a lady school teacher, suffered a cervical whip lash injury in the neck, and as a result suffered approximately one year with pain with no objective symptoms, with no loss of wages, and with no residual disabilities. The amount of $4,000.00 was awarded as an element of pain and suffering, and plaintiff contends that the award to Mary McCastle should be increased to the same amount.
The plaintiff, Mary McCastle, was treated by Dr. ITobgood on the day of the accident and was hospitalized by Dr. Hansen, general practitioner and internal medicine expert. Dr. Hansen was of the opinion that plaintiff, Mary McCastle, suffered a sprain of the neck and back, with contusion of the chest, possible heart condition contusion, and contusion of the left lung. She remained in the hospital for some ten days and was unable to work for approximately two months. However, she lost no wages since there was testimony in the record that she was paid despite the fact that she was unable to work.
Dr. Hansen saw the plaintiff some seven-, teen times and found that there was enlargement in her heart and' congestion in her lungs after she was hospitalized. This condition was not present prior to the accident according to the testimony of her family physician, Dr. Hobgood, who testified that he had been treating her for a heart condition of congestive heart failure and that the condition was under control prior to the accident. Although plaintiff testified that her back still bothered her at the time of the trial, no objective symptoms were present on February 1, 1960, when Dr. Cracraft examined the plaintiff some three and one-half months after the accident. His diagnosis was that plaintiff had a mild lumbo-sacral sprain. Dr. Luikart, a heart specialist, testified that since plaintiff’s chest struck the steering wheel of the automobile, this could possibly cause the congestive heart failure found by Dr. Hansen. This condition was apparently considerably improved since the x-ray of her chest on November 23, 1959, some twelve days after the accident, showed that the heart was smaller and the congestion was clearing up in the lungs. The plaintiff was discharged to her home on November 25, 1959. Dr. Luikart examined her again on December 4, 1959, and did not find any residual of the contusion or congestion of the heart.
Although we do not feel that plaintiff, Mary McCastle, suffered as much as the plaintiff in the Harvey case, supra, we do feel that the award of $1,500.00 for pain and suffering should be increased to $2500.00.
Plaintiff, Frances Ambeau, and her husband were awarded special damages in the sum of $593.95 for hospital bill, doctor bill and drug bills. She was awarded $750.-00 for pain and suffering. Dr. Hansen was of the opinion that plaintiff suffered a mild sprain of the cervical lumbosacral spine at the time of the accident. She was hospitalized from November 17 to November 27, 1959, and placed in head halter traction for her cervical spine. After being released from the hospital she stated she felt well *680 enough to be discharged on December 11, 1959. Under the circumstances, we feel that the award of $750.00 by the trial court for pain and suffering is adequate.
For the reasons hereinabove set out, the judgment of the lower court in Royal Mc-Castle and Mary McCastle vs. Stewart & Stevenson Truck Co., et al., Number 5690, is amended to increase the judgment to $3,878.35, and as amended is affirmed.
Amended and affirmed.