REGAN, Judge.
Plaintiff, Wilson Bryant, employed as a private patrolman for the New Orleans Patrol Service, Inc., instituted this suit against the defendant, Hartford Accident & Indemnity Company, the liability insurer of Atlantic & Gulf Stevedores, Inc., endeavoring to recover $10,000.00 for personal injuries and medical expenses incurred as the result of being struck in the back by a forklift machine which, he asserted, was negligently operated by an employee of the defendant’s assured when the accident occurred on the Alcoa Docks in the City of New Orleans.
The defendant answered and denied the existence of any negligence on the part of its assured and, in the alternative, pleaded that the contributory negligence of the plaintiff barred recovery for his injuries.
The New Amsterdam Casualty Company, the workmen’s compensation insurer of plaintiff’s employer, the New Orleans Private Patrol Service, Inc., intervened to recover $185.70 from the defendant, which represented the amount it had paid as medical expenses and compensation to the plaintiff.
From a judgment awarding plaintiff $500.00, the intervenor an additional $185.-70, and plaintiff’s medical expert the sum of $75.00, he has prosecuted this appeal, insisting that the award should be increased to $2,500.00 and the expert fee to $100.00.
The defendant has answered the appeal, wherein it insists that the trial judge erred in fixing negligence; therefore, the judgment should be reversed.
A careful review of the record reveals that the accident occurred as hereinafter set forth.
On January 28, 1962, plaintiff, in the course of his employment as a private patrolman, was searching the wharf area for the owner of an illegally parked car. His investigation led him to the apron of the wharf, a concrete structure approximately 20 feet wide between the river’s edge and the storage sheds. He stopped momentarily to speak with two longshoremen, who were helping to load bales of paper from the dock to a ship moored adjacent thereto, when he was struck in the low back by a bale of paper which was being moved by the forklift machine.
The forklift, which is used to transport cargo from the storage shed to the open wharf, had been parked in the doorway of the shed prior to the accident. It was loaded with paper bales to a height which prevented its driver from seeing over the bales; thus, his horizontal forward vision was obstructed. When the operator of the forklift noticed the ship’s boom swing the cargo sling toward the dock, he started onto the open wharf from his parked position and struck the plaintiff, who was standing with his back to the vehicle. The operator conceded that he did not see the plaintiff because the bales obstructed his vision.
One of the longshoremen, who was standing near the plaintiff, saw that the truck was going to strike him and yelled for the driver to stop, but the warning came too late to avoid the accident.
It is disputed whether the plaintiff was stationary when he was struck or had taken one or two steps backward without looking in the direction of the approaching machine; however, we need not resolve this question of fact in order to establish liability, as we shall point out later on.
Predicated on the foregoing evidence, the trial court very properly reasoned that the proximate cause of the accident was the negligence of the operator, who admitted that he could not see the plaintiff before he struck him.
*265 Defendant has insisted on appeal that the plaintiff was at least contributorily negligent in stepping backward into a loading zone when he knew, or should have known, that a river front wharf is, generally, a dangerous place.
If we assume, arguendo, that the plaintiff did actually step backward, we do not think that this fact contributed to the accident, because one of the longshoremen yelled to warn the driver of the impending accident a split second before or at the same time that the plaintiff began moving backward. We conclude that the backward steps, if any were taken, occurred almost simultaneously with the warning. Otherwise the truck, moving at a speed of about five miles per hour, could probably have stopped in sufficient time to avoid the accident. Law, like other inexact social sciences, must be content to test the validity of its conclusions by the logic of probabilities rather than the logic of mathematical certainty.
As a result of the injury, plaintiff, a man 52 years of age, suffered a low back sprain for which he was given eight physiotherapy treatments. He was confined in bed at home for approximately two to three weeks following the injury and was unable to work for one month thereafter.
Dr. Edward T. Haslam, an orthopedist, examined the plaintiff ten days after the accident, or on February 8, 1963, and found muscle spasms in the low back which, of course, supported the plaintiff’s complaint. It was his prognosis; after the February examination, that the injury would heal in six to eight weeks.
On March 19, 1962, plaintiff was examined by Dr. H. R. Soboloff, an orthopedist who appeared herein on behalf of the defendant, and he found no objective symptoms to support plaintiff’s complaints. On April 16, 1962, Dr. Haslam re-examined plaintiff and found the same symptoms to support plaintiff’s complaints of soreness. However, between Dr. Soboloff’s examination and Dr. Haslam’s second examination, plaintiff changed an automobile tire and either re-injured his back or exacerbated the old injury. We only relate the foregoing incident for the sake of factual congruity; however, it is relatively insignificant with respect, to our award of damages herein.
We conclude from the foregoing pertinent testimony that the plaintiff was disabled, as a result of the January accident, for approximately one month to six weeks, two weeks of which he was confined to bed.
We are convinced that the plaintiff is not entitled to an award of $2,500.00, as prayed for on appeal. However, we do believe that the rather painful nature of his injury warrants an increase of the judgment in his favor from $500.00 to the sum of $750.00.
Turning our attention to the plaintiff’s request for an increase in the expert fee awarded to Dr. Haslam, we are of the opinion that the fixing of an expert fee lies within the sound discretion of the trial court, which we are reluctant to disturb on appeal unless it is shown that there has been an abuse thereof.
Finally, the intervenor, who was neither cited in the appeal nor in the answer thereto, filed a brief with this court and argued that the trial court’s judgment was final with respect to it, since the defendant merely answered the appeal, and did not prosecute a separate appeal, stating that it was aggrieved by the judgment in favor of the intervenor.
■In view of the fact that we have affirmed the judgment of the lower court, it is unnecessary for us to consider the merits of this very interesting and provocative procedural argument, and, therefore, whatever we could say in connection therewith would fall within the category of careless judicial dicta, which is, as we all know, disowned by the ratio decidendi. However, we feel compelled to merely remark that a system *266 of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity.
For the reasons assigned, the judgment appealed from is amended so as to increase the award to plaintiff, Wilson Bryant, from $500.00 to $750.00, and in all other respects the judgment appealed from is affirmed.
Amended and affirmed.