FRUGÉ, Judge.
This suit arose out of an automobile accident which occurred on the afternoon of October 10, 1962, on Louisiana Highway 10 about seven miles west of Oakdale, Louisiana. Plaintiff, William A. Smith, a guest passenger, brought a direct action against defendant, Marquette Casualty Company, as the liability insurer of Daniel Goings, the owner and operator of the Austin-Healey automobile in which plaintiff was riding.
The district court rendered judgment in favor of defendant and dismissed plaintiff’s suit. Plaintiff has taken this appeal.
The undisputed facts showed that the Goings vehicle, with plaintiff and James Meylian as guest passengers, was proceeding east on Louisiana Highway 10. The blacktop highway where the accident occurred is 18 feet in width and relatively straight and flat with shoulders of about 8 feet The highway and the shoulders were dry and in good condition.
Plaintiff and the driver Goings received injuries when the automobile in which they were riding struck a bridge railing on the wrong side of the highway and went into a ditch. The accident occurred when the driver Goings pulled partially onto the right shoulder of the road in order to avoid colliding with an oncoming pulpwood truck which had partly entered Goings’ proper lane of traffic when crossing the bridge. In turning sharply back onto the highway in order to avoid the bridge abutment, Goings lost control of his vehicle and struck the railing. The identity of the owner or the driver of the pulpwood truck is unknown, the truck having left the scene of the accident without stopping.
Plaintiff contends that Goings was exceeding the legal speed limit of 60 miles per hour and this speed was the proximate cause of the accident. Furthermore, it is argued Goings should have anticipated the possibility that the truck would enter his lane of traffic when crossing the bridge.
Defendant argues that Goings was met with a sudden emergency not of his own making and that under the circumstances his conduct was not negligent. Alternatively, defendant alleges that plaintiff was con-tributorily negligent and therefore barred from recovery.
' The investigating State Police officer, Jack LeBlanc, testified that he found about ten feet of skid marks from the right tires of the Goings vehicle on the shoulder of the road beginning about 80 feet from the west end of the bridge. The skid marks then angled back onto the highway and across it to the point of impact with the bridge railing.
*752 Daniel Goings testified that on approaching the bridge he saw the unloaded pulpwood truck cross partially into his lane of travel while the truck was on the bridge and only a short distance from his automobile. It appeared to him that the truck would strike his car unless he pulled to the shoulder. He did not apply his brakes until after he had pulled partially onto the shoulder. He then cut sharply back onto the highway in order to avoid striking the bridge abutment. At that time he lost control of his vehicle.
Plaintiff testified that the truck crossed partially into Goings’ lane when the truck and the automobile were from 100 to 200 feet apart. No estimate was made of the truck’s speed. He stated, however, that it appeared to him that Goings had room to pass the truck without pulling off the road.
Mr. James Mejdian’s testimony was taken on deposition. He was not injured in the accident and appears to be a disinterested witness although he is a good friend of plaintiff’s brother. Mr. Meylian stated that the truck crossed partially into Goings’ lane when they were only a short distance apart. He states that had Goings tried to pass the oncoming truck, "It would have been close.”
Plaintiff introduced photographs of the bridge struck by Goings’ automobile. The trial judge, from examining the photographs, was of the opinion that the bridge is about one foot wider than the highway on each side of the road and approximately 40 feet in length. The investigating police officer estimated the width of the bridge to exceed the width of the highway by about three and a half feet on each side.
Though the testimony regarding Goings’ speed is somewhat conflicting, the trial judge concluded that Goings’ vehicle was traveling at between 65 and 70 miles per hour. There is ample evidence to support this conclusion. In view of the 60 mile speed limit, this was excessive. The trial judge, however, found that this excessive speed was not a proximate cause of the accident, the accident being proximately caused by the pulpwood truck entering into the wrong lane of traffic.
After thoroughly reviewing the record, we cannot agree that Goings’ unabated speed did not constitute a proximate cause of the accident. The photographs show conclusively that Goings was able to see the bridge and the approaching pulpwood truck at a distance of at least one quarter of a mile. By his own testimony he observed the truck while the vehicles were a considerable distance apart. Despite this, he continued driving at an excessive speed.
The evidence shows that Goings had not slowed his automobile in the least when he was forced to take to the shoulder. He did not lose control until he attempted to regain the hard surface of the highway. The evidence shows that the shoulders of the road were wide and in excellent condition. We do not believe Goings would have lost control of his sports car had he not been driving at an excessive rate of speed. Thus we find Goings was negligent and that his negligence so contributed to the accident that it constituted a proximate cause of plaintiff’s injuries.
Next, we must consider defendant’s allegation that plaintiff was contribu-torily negligent. It is strongly urged that if in fact Goings was driving at an excessive rate of speed, plaintiff should have cautioned him to slow down. Under the facts of this case we find no merit in this contention. James Meylian cautioned Goings about his fast driving only a few minutes before the accident occurred and Goings did at that time slow down somewhat. We do not think plaintiff, Smith, was under a duty to repeat the caution already made by the other guest passenger, Meylian. See 61 C.J.S. Motor Vehicles § 489b, where it is stated:
“If a guest protests to the driver as to particular negligent acts or conduct, he is generally not required to protest further, unless the first protest *753 is not heeded. If there are several guests in the vehicle, an audible protest by one of them is generally sufficient.”
We find no evidence that plaintiff was contributorily negligent so as to bar recovery.

Quantum

The medical testimony convinces us that plaintiff suffered a low back injury as a result of the accident. Due to this injury plaintiff was hospitalized for a total of 23 days, a considerable part of which time he was in traction. At the trial plaintiff stated that he still had occasional pain in his back. Objective symptoms, however, are no longer present.
Dr. Vesley, plaintiff’s attending physician, treated and examined plaintiff numerous times from October 10, 1962 until December 4, 1963. According to his diagnosis, Smith had incurred a lumbo-sacral and cervical sprain. Considerable muscle spasm was noted by Dr. Vesley for several months after the accident. At the time of his last examination on December 4, 1963, the muscle spasm had completely subsided.
Defendant’s expert witness, Dr. Am-brister, an orthopedic surgeon, examined plaintiff but once, and then on April 8, 1963, nearly six months after the accident. Dr. Ambrister was unable to detect any objective evidence of trauma. Dr. Am-brister noted, as did Dr. Vesley, that plaintiff related a history of polio in 1946 which had affected his back and legs. Dr. Am-brister credited any symptoms of disability to this prior history of polio. Dr. Am-brister stated that had plaintiff received a lumbo-sacral sprain it was his opinion plaintiff would have recovered within a period of about three months. He estimated that the recovery period for a similar injury in a person not having a history of polio would be for about half that long.
Prior to the accident plaintiff had been working full time as a barber at Fort Polk, Louisiana, and had earnings averaging $150.00 per week. Plaintiff estimated that he has lost approximately twelve weeks of employment due to the accident. Defendant concedes that if there is liability, plaintiff is entitled to loss of earnings for six weeks at $150.00 per week, but maintains that plaintiff has failed to prove further loss of earnings. On this point we must agree with defendant.
Plaintiff, although clearly establishing the loss of six weeks’ earnings, testified only generally that after returning to work he would have to take a day or two off ever so often because of back pain. He estimated these days of work lost totaled about six weeks. This was only a general and vague estimate of loss of earnings, and is insufficient proof on which to base a recovery. Stevens v. Dowden, La.App. 3rd Cir., 125 So.2d 234. We therefore-award plaintiff $900.00 for loss of earnings.
Plaintiff has sufficiently proved unpaid medical expenses in the amount of' $313.25. Defendant contends that since-$179.10 of this amount was incurred after-Dr. Ambrister’s examination, which revealed no objective evidence of traumatic injury, this amount, therefore, should not be-allowed as proven medical expenses. We-disagree with this contention. We are convinced by the record, particularly from; the testimony of Dr. Vesley, that these-medical expenses were incurred as a result, of the accident. The full amount of $313.25-is allowed as medical expenses.
Plaintiff has certainly endured more pain, and suffering than did the plaintiff in the-case of Nettles v. Great American Insurance Company, La.App., 1st Cir., 155 So.2d 87. There $2,000 was awarded' for pain and suffering for a lower back sprain. Plaintiff also suffered at least as much as. did Mrs. McCastle, who was awarded $2,500 for her pain and suffering for- *754 similar injuries. McCastle v. Stewart & Stevenson Truck Company, La.App. 1st Cir., 147 So.2d 678.
We find that plaintiff, Smith, is entitled to an award of $2,500 for the pain and suffering endured as a result of the accident.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court dismissing plaintiffs suit be reversed and judgment is now rendered in favor of plaintiff, William A. Smith, and against defendant, Marquette Casualty Company, in the total amount of $3,713.25. Cost of trial and of this appeal shall be borne by defendant.
Reversed and rendered.