SAVOY, Judge.
Plaintiffs appealed from a judgment of the district court awarding the wife $500.-00 for pain and suffering and for physical disability, and disallowing the claim of the husband for special damages, namely, dam *716 ages to his car and for loss of earnings of the wife.
Liability is admitted by defendant.
Plaintiff wife was injured when a car in which she and her husband were riding, and which the husband was driving, was struck in the rear by a vehicle belonging to an assured of defendant.
The trial court found that the impact was slight and that plaintiff husband had proven no damages to his car. After a review of the record we conclude that the district judge correctly disallowed any damages for damages to the car belonging to plaintiff husband.
Plaintiffs testified that prior to the wife’s accident she was talcing care of some physically infirm people, but that after the accident she was unable to do so and hired Mrs. Willie M. Burch to help her. Mrs. Burch also testified at the trial. The trial judge gave reasons for judgment. However, he did not specifically mention the claim for wages, but it is apparent that he did not allow plaintiff husband any sum of money for this claim. The testimony of the plaintiffs and Mrs. Burch is very indefinite and vague as to the amount which Mrs. Burch received while working for plaintiffs. In our opinion this claim has not been proven with any certainty, and it is, accordingly, rejected.
The last assignment of error by counsel for appellant is the alleged inadequate award made by the district judge in favor of the plaintiff wife.
Mrs. Robertson was first seen by Dr. P. M. Davis, Jr., an orthopedic surgeon of Alexandria, Louisiana, on December 28, 1962. The accident and resulting injuries occurred on December 22, 1962. Upon examination of Mrs. Robertson’s back, the doctor found evidence of marked spasm of the left erector spinae muscles. He also noted restricted low back motion, indicating spasm. Straight leg raising test was positive at 90 degrees to the left, with more pain to the left than to the right. She also had pain at the left posterior iliac spine and over the area around it. X-rays did not reveal anything except arthritic changes which were within normal range for a person of Mrs. Robertson’s age. She was 52 years of age.
Dr. Davis was of the opinion that Mrs. Robertson was suffering from a lumbo-sacral sprain, and that it was acute. He prescribed a corset and drugs to relieve the spasm and back pain. He saw the patient on January 8, February 8, March 12 and March 28, 1963. On the last examination he found some tightness in the back and felt that physical therapy might help. He recommended Mr. Wilbur Hunt, a registered physiotherapist of Alexandria, Louisiana. Mrs. Robertson went to Mr. Hunt three weeks and then discontinued taking the treatments. Dr. Davis last saw the patient on July 8, 1963. On this visit the doctor was of the opinion that Mrs. Robertson was exaggerating her complaints somewhat. He felt that at that date she had, for all practical purposes, recovered from her injury.
Dr. Daniel Kingsley, an orthopedic surgeon of Alexandria, Louisiana, examined Mrs. Robertson for defendant on June 6, 1963. He found nothing wrong with her back.
Dr. Robert P. Foster, a general surgeon of Alexandria, Louisiana, examined Mrs. Robertson on behalf of defendant on May 27, 1963. In his opinion Mrs. Robertson had recovered from her injury of December 22, 1962.
Counsel for appellants has cited cases to sustain his claim for a larger award, whereas counsel for appellee has cited cases to sustain the award made by the district judge.
While it may appear that the award made by the district judge in the instant case is somewhat low, we cannot say that said award is out of proportion with previ *717 •ous awards made for somewhat similar injuries. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; and Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71.
For the written reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.