ELLIS, Judge.
This case, which is consolidated with the case of Pounds v. New York Fire & Marine Underwriters, Inc., et al., No. 7309, 210 So. 2d 67 (La.App. 1 Cir.1968), arises out of a non-collision accident which happened in Hammond, Louisiana, on May 8, 1964, between a limousine type bus operated by Inter Cities Bus Line, Inc., driven by Luther Temple, and an automobile being driven by Joseph Clifton Hargreve. Temple, being of the opinion that Hargreve was about to pull off the road to the right, began to pass the automobile by pulling over into the left or passing lane. As he did so, Hargreve, without signalling, suddenly began a left turn. Temple immediately applied his brakes and brought the bus to a stop. Hargreve, hearing the squealing of the brakes of the bus, brought his car to a stop without having crossed the center line of the highway. There was no collision between the two vehicles, but the sudden stop made by the bus allegedly caused injuries to Leola Cooper, Marcella Pounds, and Frank Martin, who were passengers in the bus. Mr. Martin died some time after the accident, and his heirs are suing herein not only for his pain and suffering, but for his wrongful death as well. The other two plaintiffs are suing for their personal injuries, and for special damages incident thereto.
The district court found both defendants and their insurers liable and awarded judg *66 ment against them in favor of all plaintiffs. From this judgment, all of the parties have appealed, the plaintiffs asking for an increase in damages, and each of the defendants asking that the other be held solely responsible for the accident, and alternatively that the damages be reduced.
According to Mr. Hargreve’s testimony, he intended to make a left turn, and before doing so, glanced into his rear view mirror and saw nothing behind him. He therefore commenced the turn without making a signal and became aware of the presence of the bus in the left hand lane only when he heard the brakes begin to squeal. Even though he was able to bring his vehicle to a halt in time to avoid a collision, and before crossing the center line on the highway, his negligence in beginning the turn when it was unsafe to do so, and in failing to see that which he should have seen is a proximate cause of the accident which happened. R.S. 32:104(A).
On the other hand, it is apparent that Luther Temple was not observing the high degree of care which is required of those operating a public conveyance. He indulged in the unwarranted assumption that Hargreve was going to turn right rather than left. Then, when Hargreve did turn left, he applied his brakes very abruptly when there was no necessity to do so, as evidenced by the fact that the vehicles were approximately eight feet apart when they came to a halt, and the fact that Mr. Har-greve was also able to stop his vehicle very readily. We do not feel that, under the circumstances, Mr. Temple was driving as a reasonably prudent person would. We are further of the opinion that without the concurrent negligence of both parties, this accident would not have happened.
With respect to the damages awarded, Leola Cooper suffered a lumbosacral strain in the accident. She was treated on the day of the accident at Lallie Kemp Charity Hospital in the Emergency Room and was seen by her physician twenty-one times during the next month. She was discharged as recovered on June 12, 1964, one month after the accident. At the time of the trial, April 16, 1966, she testified that she was still having some pain in her back. The district judge awarded her the sum of $750.00 for her pain and suffering, and in view of the broad discretion allowed in such cases, we cannot say that this is manifestly erroneous.
Marcella Pounds suffered a whiplash type injury in the neck, contusions of the chest, a lumbosacral strain, and nervous shock in the accident. She was also treated as an out-patient in the Emergency Room at Lallie Kemp Hospital and was seen by her doctor twenty times between the date of the accident and June 18, 1964, when she was discharged as cured. At the time of the trial, she also testified that she was having difficulty. The district judge awarded her $1725.00, and we are unable to say that this is manifestly erroneous.
The main thrust of the argument of the heirs of Frank Martin is to the effect that his death was caused by the bus accident. Mr. Martin died on June 27, 1964, some fifty-one days following the accident. The cause of death given on his death certificate was acute myocardial infarction due to a pulmonary embolus. It was also noted thereon that he was suffering from generalized arteriosclerosis.
Mr. Martin had a lengthy medical history dating back some eighteen years before the time of his death. Two physicians, Dr. Jack C. Castrogiovanni and Dr. Frank A. Rid-dick, Jr., reviewed his medical records and gave their expert opinion as to the causal connection between the accident and Mr. Martin’s eventual death. Dr. Castrogiovan-ni was of the opinion that there was a causal connection between the accident and the death, whereas Dr. Riddick felt that no such connection existed.
Although no written reasons for judgment were rendered by the trial judge, from *67 the language of the judgment itself it appears that he felt that a causal connection did exist between the accident and the eventual death. If he so found, we are of the opinion that he was in error. Dr. Riddick’s professional qualifications were far superi- or to those of Dr. Castrogiovanni, who did not share Dr. Riddick’s extensive experience or qualifications.
We find that plaintiffs have not proved their position by a preponderance of the evidence as required by law. Although we are reluctant to reverse a district judge on a finding of fact, in this case, where the testimony of the doctors appears in the record only by way of deposition, we feel we are in as good a position as he to judge the relative merits of their testimony.
Following the accident, Mr. Martin went to Lallie Kemp Charity Hospital and his right knee was x-rayed. He gave a history of having struck the knee on the back of the seat when the brakes were applied on the bus. The x-rays were negative except for arthritic changes, and he was sent home and told to come back the next day. He did not return until he entered the hospital on June 19, over a month later. At that time, he was suffering from a number of complaints, none of which apparently are related specifically to the knee injury. We find little testimony in the record relative to any pain which he may have suffered as a result thereof. It is apparent from the record that he had had difficulty walking prior to the accident because of circulatory difficulties.
The district judge awarded $250.00 to Mr. Martin’s widow, and $250.00 to his two children, which award covered not only Martin’s pain and suffering, but also damages for wrongful death. Since we are of the opinion that there was no causal connection between the accident and the death, and since there is virtually no evidence as to Mr. Martin’s pain and suffering attributable to the accident, we must amend the judgment so as to reduce the amount thereof to the sum of $250.00 for all three plaintiffs.
We further note an award of $140.00 special damages was made to Leola Cooper, which all parties agree was erroneously made.
For the above reasons, the judgment is amended by reducing the amount to $125.00 in favor of Mrs. Bessie Eason, widow of Frank D. Martin, Sr., and $125.00 to Ethel Martin Harrison and Frank D. Martin, Jr., jointly; and by eliminating therefrom the award of $140.00 in special damages made to Leola Cooper, and as amended, it is affirmed, with all parties to share equally the costs of the appeal.
Amended and affirmed.