AYRES, Judge.
The fixing of the amount and the assessment as costs of expert-witness fees in a matter previously determined is the object of this proceeding by rule. Fees were sought for plaintiff’s physician in the sum of $150 and for a photographer in the sum of $100. The demand as to the latter was rejected. The fee of the former was fixed at $50. From the judgment, plaintiff appealed.
The record contains no note of evidence nor stipulation or recital of facts by either litigants or counsel. The record, moreover, contains no statement by the trial court as to its findings of fact and reasons for judgment. No showing is made even as to the nature of the case. The record reflects no error apparent on its face.
In matters such as this, the presumption of law is that the trial court acted on sufficient evidence properly received until the contrary is clearly shown. Gibbons v. Yazoo & M. V. R. Co., 130 La. 671, 58 So. 505 (1912); Broadway v. Wester, 193 So.2d 855 (La.App., 3d Cir.1967 — writ refused); Cryer v. Ring, 149 So.2d 451 (La.App., 3d Cir.1963 — cert. refused); Cush v. Griffin, 95 So.2d 860 (La.App., 2d Cir.1957). Moreover, a rule well recognized in the jurisprudence is that the fixing of expert-witness fees is largely within the discretion of the trial court and, in the absence of an abuse of that discretion, its determination will not be disturbed. Orleans Parish School Board v. Bond, 200 So.2d 411 (La.App., 4th Cir.1967); Central Louisiana Electric Company, Inc. v. Williams, 181 So.2d 844 (La.App., 2d Cir.1965); White v. American Employers’ Insurance Company, 179 So.2d 542 (La.App., 3d Cir. *512 1965); Bryant v. Hartford Accident & Indemnity Company, 158 So.2d 263 (La.App., 4th Cir.1963); State through Dept, of Highways v. Riley, 143 So.2d 396 (La.App., 3d Cir.1962 — cert. denied).
Under the showing made, the judgment must be presumed correct. An abuse of the discretion vested in the trial court in matters of this kind has not been shown.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.