MILLER, Judge.
American Employers Insurance Company appeals the allegedly excessive award of damages to Ambrose Lemoine, Jr. He was awarded $2,000 for personal injuries, pain and suffering, $2,100 for loss of wages, $343 for medical expenses and $216.71 for property damage to his truck.
On June 18, 1969 while waiting to drive onto the favored road, plaintiff was rear ended by defendant’s insured. Liability was admitted.
The trial court found the impact was “a rather severe one.” It cost $261.71 to repair plaintiff’s truck to running condition, but the frame of his truck was not straightened. Plaintiff was wearing a “hard hat” as used by construction workers. This hat was “busted” (Tr. 57) when his head struck the rear of the truck cab, then his face bloodied when he struck the front. He suffered injuries to the bridge of his nose, bruises to his left elbow, contusions of the neck, the abdomen and the left lower area of his back.
The next day he sought treatment from his family physician Dr. Elliott Roy of Mansura, Louisiana. Dr. Roy diagnosed severe muscle strain of his cervical, thoracic and lumbar muscles. In addition to his back complaints, plaintiff complained to Dr. Roy (through the date of trial) of severe headaches, vertigo and nausea which often required that he lie down to get relief.
Plaintiff saw Dr. Roy nine times, the last of which was ten days before the December 15, 1969 trial. On September 17th, Dr. Roy suggested that plaintiff attempt to work, but plaintiff testified that he could not do the work around his home. Plaintiff was still under treatment by Dr. Roy as of the December 15th trial. Tr. 22. Dr. Roy was convinced that plaintiff’s complaints were genuine and that his disability was related to the accident.
Plaintiff was not hospitalized, and the physicians agreed that he did not have objective symptoms as of July 18, 1969.
At defendant’s request, Dr. D. M. Kings-ley, orthopedic surgeon of Alexandria, examined plaintiff on July 18 and December 19, 1969. Both examinations were negative and Dr. Kingsley was firm in his opinion that plaintiff had no disability related to the June 18th accident.
When Dr. Roy could not account for plaintiff’s complaints, he sent plaintiff to Dr. John A. Worley, internest, of Alexandria. Dr. Worley saw plaintiff on August 25th and all tests gave essentially normal results. Dr. Worley ordered an electroencephalogram performed at Cabrini Hospital on August 26th. It too was normal.
Defendant-appellant submits that the following cases with awards near $500 for pain and suffering, are in point. Most of these cases were affirmations of 'the trial court’s judgment. Johnson v. Shreveport Transit Company, 188 So.2d 713 (La. *235 App. 2d Cir. 1966); Ulmer v. Travelers Insurance Company, 156 So.2d 98 (La.App. 1 Cir. 1963); Rochon v. Moore, 218 So.2d 918 (La.App. 3d Cir. 1969); Robertson v. Insurance Company of North America, 171 So.2d 715 (La.App. 3d Cir. 1965); Northern Insurance Company v. Grayco Marine Corporation, 176 So.2d 744 (La.App. 4th Cir. 1965); Fontenot v. Travelers Insurance Company, 179 So.2d 520 (La.App. 3d Cir. 1965) ; Bryant v. Hartford Accident & Indemnity Company, 158 So.2d 263 (La.App. 4th Cir. 1963); McCastle v. Stewart & Stevenson Truck Co., 147 So.2d 678 (La.App. 1 Cir. 1962); Cooper v. Hargreve, 210 So.2d 64 (La.App. 1 Cir. 1968); and numerous other cases.
find no manifest error in the trial court’s finding that plaintiff’s injuries were more severe than those in the above cases. More in point are the cases cited by plaintiff-appellant which support the award of $2,000 for pain and suffering. Shephard v. Checker Cab Co., 230 So.2d 343 (La.App. 4th Cir. 1970); Fontenot v. Liberty Mutual Insurance Co., 228 So.2d 327 (La.App. 3d Cir. 1969) ; and Lyons v. Campbell, 216 So.2d 895 (La.App. 2d Cir. 1968).
Defendant-appellant contends that plain-plainis not entitled to loss of earnings be-behe had been unemployed for five months prior to the accident, citing Crow v. State Farm Mutual Automobile Insur-InsurCompany, 10 So.2d 105 (La.App. 1 Cir. 1942) and Laville v. Hartford Accident & Indemnity Company, 178 So.2d 464 (La. (La.1 Cir. 1965). In Crow, the court found that plaintiff did not have any prospect of immediate work. In Laville, loss of earnings was awarded, but only on the basis of his normal income. The award was not based on the highest commissions earned.
Plaintiff was employed in the heavy construction business for one employer during 1968 at a wage of $700 per month. All witnesses testified that he was a good worker; that he was not lazy.
Plaintiff’s work required him to work above the ground and his occasional attacks of vertigo and nausea prevented him from accepting employment assigned by his union from July 1 to October 1, 1969.
Plaintiff was drawing unemployment benefits at the time of the accident, and continued to draw them. We are impressed by the argument that plaintiff thereby admitted that he was capable of returning to work. Nevertheless we accept the trial court’s disposition of this contention.
“This action by him weighs against his claim in this suit, but the court does not feel he can be penalized on a proven claim because he violated the unemployment compensation laws of Louisiana. There is possible redress in another area for this; the defendant should not benefit from this violation.”
 disabled workman is entitled to loss of earnings when he can show that the loss of earnings are not speculative and can be proved with a sufficient degree of certainty. Jenkins v. Audubon Insurance Company, 110 So.2d 221 (La.App. 1 Cir. 1959); Lynch v. Fisher, 41 So.2d 692 (La. (La.2d Cir. 1949) ; and Mire v. Timmons, 155 So.2d 265 (La.App. 2d Cir. 1963).
 trial court was convinced that the injuries prevented plaintiff from ac-acemployment assigned by his union from July 1 to October 1, 1969. Accord-Accord$2,100 was awarded for loss of earn-earnThe trial judge saw the witnesses and heard Dr. Roy’s testimony. We do not find manifest error in the award.
The judgment is affirmed. Costs of this appeal are taxed to defendant-appellant.
Affirmed.